# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINGO LEYRO, | 1:08-cv-1675 OWW DLB |
| Plaintiff, | SCHEDULING CONFERENCE ORDER |
| v. | Discovery Cut-Off: 1/15/10 |
| CITY OF CHOWCHILLA, CHOWCHILLA POLICE DEPARTMENT, JEFF PALMER, TYLER J. HORMEL, and DOES 1-100, inclusive, | Non-Dispositive Motion Filing Deadline: 1/29/10 |
| | Dispositive Motion Filing Deadline: 2/15/10 |
| Defendants. | Settlement Conference Date: 1/28/10 10:00 Ctrm. 9 |
| | Pre-Trial Conference Date: 4/26/10 11:00 Ctrm. 3 |
| | Trial Date: 6/8/10 9:00 Ctrm. 3 (JT-7 days) |

I.  Date of Scheduling Conference.

   February 11, 2009.

II. Appearances Of Counsel.

   Law Offices of Steven Geringer by Steven Geringer, Esq., appeared on behalf of Plaintiff.

   Mayfield & Leath by Michelle E. Sassano, Esq., appeared on behalf of Defendants.

///

1

III.  Summary of Pleadings.

1.  On or about August 7, 2007, the City of Chowchilla Police Department received a call requesting a police officer to be dispatched to 2018 Monroe Court regarding a verbal dispute between a male and a female.  The dispatch was notified that both parties were law enforcement and guns were in the home.  The phone was then disconnected.  Dispatch recontacted the residence and a male answered the phone and refused to stay on the line and hung up.  Officer Hormel arrived first to the home with Officer Palmer arriving shortly thereafter.  Plaintiff alleges in his complaint that he was requested to get his girlfriend and he merely shut the door and proceeded to contact his girlfriend.  Plaintiff alleges that the officers did not have probable cause to enter the home.  Defendants dispute this allegation.  Plaintiff's complaint alleges that he walked to the master bedroom to get his girlfriend and when he turned around to walk back to the front door he saw a laser light on his chest and he received a verbal warning that he was going to be tased.  Plaintiff responded by extending his arms and showing the palm of his hands while telling the Defendants that they did not need to tase him.  The complaint alleges that almost instantaneously Plaintiff was tased.

2.  Defendants dispute almost all the factual allegations set forth in the complaint.  The only facts which Defendants agree with are that Plaintiff was arrested on August 7, 2007, for violation of Penal Code § 148(a)(1), resisting, delaying or obstructing an officer.

///

IV. Orders Re Amendments To Pleadings.

    1.    The parties do not anticipate amending the pleadings at this time.

V. Factual Summary.

    A.    Admitted Facts Which Are Deemed Proven Without Further Proceedings.

        1.    Defendants are the City of Chowchilla and two officers within the police department.

        2.    On or about August 7, 2007, the City of Chowchilla Police Department received a call requesting a police officer be dispatched to 2018 Monroe Court.

        3.    Officer Hormel and Officer Palmer were dispatched to 2018 Monroe Court.

        4.    That Plaintiff was arrested under California Penal Code § 148(a)(1), resisting, delaying or obstructing a police officer.

        5.    The Defendant officers were acting under color of law.

        6.    The Defendant officers were acting in the course and scope of their employment.

    B.    Contested Facts.

        Defendants contest:

    1.    That officers lacked reasonable suspicion or probable cause to enter Plaintiffs home.

        2.    That the officers used excessive force.

        3.    That Officer Hormel or Officer Palmer entered the home without probable cause.

        4.    That Plaintiff simply closed the door and went to

get his girlfriend.

5.  That Plaintiff was tased almost instantaneously as the officers provided the warning.

6.  That Plaintiff turned from the master bathroom to go back to the front door.

7.  That Officer Palmer and/or Officer Hormel caused a harmful or offensive contact toward Plaintiff.

8.  That Officer Hormel and/or Officer Palmer were the proximate or legal cause of any alleged injuries suffered by Plaintiff.

9.  That Officer Palmer and/or Officer Hormel falsely arrested Plaintiff.

10.  That any conduct by or attributable to Officer Palmer and/or Officer Hormel was outrageous.

11.  That Officer Palmer and/or Officer Hormel acted with the intent to cause emotional distress and/or in reckless disregard of the probability that Plaintiff would suffer emotional distress.

12.  That Officer Palmer and/or Officer Hormel intentionally intruded into Plaintiff's home which caused harm to Plaintiff.

13.  That Officer Palmer and/or Officer Hormel intentionally, recklessly and/or negligently entered Plaintiff's property.

14.  That Officer Palmer and/or Officer Hormel violated Plaintiff's civil rights pursuant to 42 U.S.C. § 1983.

15.  That Officer Palmer and/or Officer Hormel used excessive force.

16. That Officer Palmer and/or Officer Hormel carried out an unreasonable search of Plaintiff's home.

17. That the City of Chowchilla deprived Plaintiff of his civil rights.

18. That the City of Chowchilla's training program was inadequate to train its officers properly or that it failed to adequately train its officers.

19. That Plaintiff was harmed in any manner or suffered any physical and emotional injuries.

VI. Legal Issues.

   A. Uncontested.

      1. Jurisdiction exists under 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

      2. Venue is proper under 28 U.S.C. § 1391.

      3. To the extent that local standards of conduct govern evaluation of the issues of the case, the Defendants agree that the substantive law of the State of California applies.

      4. The parties agree that as to the supplemental claims, the substantive law of the State of California provides the rule of decision.

   B. Contested.

      1. That the Officers lacked probable cause.

      2. That Officer Hormel and/or Officer Palmer were the proximate or legal cause of any alleged injuries suffered by Plaintiff.

      3. Plaintiff's Fourth Amendment constitutional rights were violated.

      4. That the Officers were negligent.

...

5.   That Officer Palmer committed a battery.

6.   That either Officer Palmer and/or Officer Hormel's conduct constituted an assault.

7.   That either Officer Palmer and/or Officer Hormel were negligent.

8.   That either Officer Palmer and/or Officer Hormel's conduct constituted intentional infliction of emotional distress.

9.   That either Officer Palmer and/or Officer Hormel intruded into Plaintiff's private affairs.

10.  That either Officer Palmer and/or Officer Hormel violated Plaintiff's right to privacy.

11.  That Plaintiff was falsely arrested.

12.  That either Officer Palmer and/or Officer Hormel trespassed onto Plaintiff's property.

13.  That either Officer Palmer and/or Officer Hormel used excessive force.

14.  Generally, all other pertinent legal issues regarding liability and damages are contested.

VII. Consent to Magistrate Judge Jurisdiction.

   1.   The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII.   Corporate Identification Statement.

   1.   Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the

6

1  information.
2  IX.   Discovery Plan and Cut-Off Date.
3       1.    The parties shall make their initial disclosures under Rule 26 on or before February 25, 2009.
5       2.    The parties are ordered to complete all non-expert discovery on or before October 1, 2009.
7       3.    The parties are directed to disclose all expert witnesses, in writing, on or before November 16, 2009.  Any rebuttal or supplemental expert disclosures will be made on or before December 15, 2009.  The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations.  Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.
19      4.    The parties are ordered to complete all discovery, including experts, on or before January 15, 2010.
21      5.    The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions. Experts may be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions.
26      6.    Two of the defendants are police officers and may need a protective order if their personnel records are sought.
28  ///

X.   Pre-Trial Motion Schedule.

    1.   All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before January 29, 2010, and heard on March 5, 2010, at 9:00 a.m. before Magistrate Judge Dennis L. Beck in Courtroom 9.

    2.   In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d).  However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

    3.   All Dispositive Pre-Trial Motions are to be filed no later than February 15, 2010, and will be heard on March 22, 2010, at 10:00 a.m. before the Honorable Oliver W. Wanger, United States District Judge, in Courtroom 3, 7th Floor.  In scheduling such motions, counsel shall comply with Local Rule 230.

XI.   Pre-Trial Conference Date.

    1.   April 26, 2010, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.   The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

    3.   Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court will insist upon strict compliance with those rules.

///

**XII. Motions - Hard Copy.**

   1.   The parties shall submit one (1) courtesy paper copy to the Court of any motions filed that exceed ten pages and any motions that have exhibits attached.  Exhibits shall be marked with <u>protruding numbered or lettered tabs</u> so that the Court can easily identify such exhibits.

**XIII.  Trial Date.**

   1.   June 8, 2010, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

   2.   This is a jury trial.

   3.   Counsels' Estimate Of Trial Time:

      a.   7 days.

   4.   Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

**XIV. Settlement Conference.**

   1.   A Settlement Conference is scheduled for January 28, 2010, at 10:00 a.m. in Courtroom 9 before the Honorable Dennis L. Beck, United States Magistrate Judge.

   2.   Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

   3.   Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in

person would constitute a hardship.  If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

  4. Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement.  The statement should not be filed with the Clerk of the Court nor served on any other party.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.  Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

  5. The Confidential Settlement Conference Statement shall include the following:

   a. A brief statement of the facts of the case.

   b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

   c. A summary of the proceedings to date.

   d. An estimate of the cost and time to be

1  expended for further discovery, pre-trial and trial.
2         e.    The relief sought.
3         f.    The parties' position on settlement,
4  including present demands and offers and a history of past
5  settlement discussions, offers and demands.
6  XV.   Request For Bifurcation, Appointment Of Special Master,
7  Or Other Techniques To Shorten Trial.
8      1.    None.
9  XVI. Related Matters Pending.
10     1.    There are no related matters.
11 XVII.    Compliance With Federal Procedure.
12     1.    The Court requires compliance with the Federal
13 Rules of Civil Procedure and the Local Rules of Practice for the
14 Eastern District of California.  To aid the court in the
15 efficient administration of this case, all counsel are directed
16 to familiarize themselves with the Federal Rules of Civil
17 Procedure and the Local Rules of Practice of the Eastern District
18 of California, and keep abreast of any amendments thereto.
19 XVIII.   Effect Of This Order.
20     1.    The foregoing order represents the best
21 estimate of the court and counsel as to the agenda most suitable
22 to bring this case to resolution.  The trial date reserved is
23 specifically reserved for this case.  If the parties determine at
24 any time that the schedule outlined in this order cannot be met,
25 counsel are ordered to notify the court immediately of that fact
26 so that adjustments may be made, either by stipulation or by
27 subsequent scheduling conference.
28     2.    Stipulations extending the deadlines contained

11

herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

    3.    Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

**Dated:   February 11, 2009**              /s/ Oliver W. Wanger
                                             UNITED STATES DISTRICT JUDGE